

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RONALD CARUSO,

                Plaintiff,

        -vs-

DR. CHRISTOPHER WRIGHT,
                Defendant.

**STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL**

Index No.: 24-CV-06040

### STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL

**WHEREAS**, this Stipulation of Settlement, General Release, and Order of Dismissal (the "Settlement Agreement") is made by and between Plaintiff Ronald Caruso ("Plaintiff"), by and through his court appointed pro bono counsel for the settlement purpose only, Erin E. Elmouji, Esq., Mancuso Brightman PLLC, and Defendant Dr. Christopher Wright ("Defendant"), by and through their attorney, Letitia James, Attorney General of the State of New York, Muditha Halliyadde, Assistant Attorney General, of counsel, (Plaintiff and Defendant, collectively, "the Parties"); and

**WHEREAS**, Plaintiff commenced the above-captioned action (the "Action") on or about January 19, 2024 (ECF No. 1), by filing a complaint asserting claims under 42 U.S.C. § 1983 against Defendant arising from alleged injuries that he sustained while in the custody of the New York State Department of Corrections and Community Supervision (ECF No. 1 (the "Complaint")); and

**WHEREAS**, the Parties desire to fully resolve the claims between them related to the Action, without further litigation or proceedings before any court or other agency, and without admission of fault or liability; and

**WHEREAS**, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Settlement Agreement has an interest in the subject

1

matter of the Action;

NOW, THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Agreement, the Parties hereby stipulate and agree, and the Court orders, as follows:

1. **Dismissal of the Action with Prejudice.** The parties hereby agree that the Action, and all claims asserted therein, are dismissed with prejudice, pursuant to Rule 41(a) and (c) of the Federal Rules of Civil Procedure and subject to the terms set forth herein.

2. **Settlement Payments.** For and in consideration of Plaintiff's execution of this Settlement Agreement, Plaintiff's agreement to be bound by its terms, and Plaintiff's undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and subject to any reservation for payment to Medicare or other taxes, liens or setoffs as set forth in Paragraphs seven (7) herein, the State of New York and the Department of Corrections and Community Supervision, on behalf of Defendant, shall pay the below-listed sums in full and complete satisfaction of a) any and all claims, allegations, or causes of action for compensatory damages including, but not limited to, pain and suffering, mental and emotional anguish and trauma, reputational damages, punitive damages, and liquidated damages; and b) any and all claims, allegations, or causes of action for lost wages and benefits including but not limited to lost wages, benefits, back pay, front pay, severance pay, commissions, bonuses, reimbursements, pension plan contributions, and any non-vested retirement, pension, health, or savings plan benefits, or other compensation.

   a. The State of New York, on behalf of Defendant, shall pay the gross sum of Nine Thousand Five Hundred Dollars ($9,500.00) to Plaintiff directly; this amount shall be made payable

2

to "Ronald Caruso, DIN# 02A2488" and mailed to Five Points Correctional Facility, 6600 State Route 96, P.O. Box 119, Romulus, NY 14541, and will be deposited into Ronald Caruso's account at the Department of Corrections and Community Supervision.

    **b.**    The State of New York, on behalf of Defendant, shall pay the gross sum of Five Thousand Five Hundred Dollars ($5,500.00) to the Cornell Prison Education Program; this amount shall be made payable to "Cornell Prison Education Program" and contain a memo or accompanying communication indicating that the sum is being donated by Ronald Caruso, and shall be mailed to Cornell Prison Education Program, 300 Kennedy Hall, Ithaca, NY 14853.

    **3.**    **State Approval of Payments.** Payment of the amount(s) specified in Paragraph 2 of this Settlement Agreement is conditioned upon and subject to the approval of all appropriate State officials in accordance with N.Y. Pub. Off. Law § 17, and if such approval is not obtained, the Settlement Agreement shall be deemed null and void and the Parties shall not be bound by the obligations set forth herein, including but not limited to dismissal of the Action. Plaintiff and Plaintiff's pro bono attorneys agree to execute and deliver all documentation requested with respect to obtaining such approval as set forth in Paragraph 7.

    **4.**    **Accrual of Interest.** Payment of the amount recited in Paragraph 2 herein should be made within one hundred (120) days after the Settlement Agreement is So Ordered and the documentation required under Paragraph 7 is provided to the Office of Attorney General. In the event that payment of the amount(s) specified in Paragraph 2 of this Settlement Agreement is not made within said 120-day period, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day after the Settlement Agreement is So Ordered and the Office of the Attorney General is in receipt of documentation required under Paragraph 7 of the Settlement Agreement. In the event payment of the amount(s) specified in Paragraph 2 of this

3

Settlement Agreement is not made within the 120-day period, the Parties agree any accrued interest will be added only to the payment set forth in Paragraph 2(b) of this Settlement Agreement, and no sums over $9,500 will be made payable to Plaintiff or deposited into his account at the Department of Corrections and Community Supervision.

     **5.** **Responsibility for Taxes.** It is understood and agreed that Plaintiff is responsible for any taxes and/or interest or penalties on taxes, which may attach to the payment(s) specified in Paragraph 2 of this Settlement Agreement, by operation of law or otherwise, and that and/or taxes or interests or penalties on taxes shall be the sole and complete responsibility of Plaintiff, and that Plaintiff shall have no claim, right or cause of action against Defendant or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such taxes, interest or penalties. Plaintiff agrees that they will defend, indemnify, and hold harmless Defendant and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax arising out of this Action in which there is a final determination that there was a failure to pay tax or interest or penalty on such tax arising out of this Action. Plaintiff shall not be liable to indemnify the Defendant, DOCCS and/or the State of New York for its own misconduct notwithstanding that the conduct at issue relates to taxes, interest, or penalties relating to the settlement payments as indicated in paragraph 2.

6. **Responsibility for Liens and Setoffs.** It is understood and agreed that any liens, setoffs, deductions, or recoupments of any kind (including, but not limited to, any and all workers' compensation, tax, Medicare, Medicaid, unemployment compensation or benefits, or child support liens) which may attach to the payment(s) specified in Paragraph 2 of this Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiff, and that Plaintiff shall have no claim, right or cause of action against Defendant or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such taxes, interest or penalties. Plaintiff agrees that they will defend, indemnify, and hold harmless Defendant and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such any liens, setoffs, deductions, or recoupments in connection with the Action, in which there is a final determination that there was a failure to pay such liens, setoffs, deductions, or recoupments. Plaintiff shall not be liable to indemnify the Defendant, DOCCS and/or the State of New York for its own misconduct notwithstanding that the conduct at issue relates to such liens, setoffs, deductions, or recoupments.

7. **Medicare Certification.** Plaintiff acknowledges and understands that receipt of a fully executed Medicare Affidavit by the Office of the Attorney General, together with any required supporting documentation, is a prerequisite to payment of the settlement amount(s) referenced in Paragraph 2 herein and falls within the category of "other documentation" and

5

"required documentation" described throughout this Settlement Agreement. Upon receipt of all required documentation establishing an absence of any conditional or future anticipated Medicare payments due or owing, payment of the settlement amounts specified in Paragraph 2 of this Settlement Agreement shall be made in accordance with the terms set forth herein. If the required documentation shows that conditional or future anticipated Medicare payments have not been satisfied, Defendant and the State of New York reserve the right, upon notice to Plaintiff, to issue a multi-party settlement check naming Medicare as a payee or to issue a check to Medicare with respect to the settlement amount(s) specified in Paragraph 2 of this Settlement Agreement. Plaintiff agrees to defend, indemnify, and hold harmless Defendant and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) for any liens or past or future Medicare payments presently known or unknown in connection with the Action, in which there is a final determination that there was a failure to pay such liens or past or future Medicare payments. Plaintiff shall not be liable to indemnify the Defendant, DOCCS and/or the State of New York for the Defendant, DOCCS and/or State's misconduct, notwithstanding that the conduct at issue relates to any liens or past or future Medicare payments presently known or unknown in connection with the Action.

**8.** **Release as to Defendant.** For and in consideration of the payment of $15,000.00 and other good and valuable consideration set forth herein, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors, and assigns (the "Releasing Plaintiff") hereby releases, exonerates and forever discharges each of the Defendant, and any and all current or former employees, officers, and/or representatives of the State of New York, in his/her/their individual and official capacities, and his/her/their heirs, executors, administrators, and assigns, and the State

6

of New York and the New York State Department of Corrections and Community Supervision (the "Released Defendant"), from any and all claims, known or unknown, including but not limited to state, federal or administrative claims, liabilities, and causes of action, which were or could have been raised in the Action, and further agrees to discontinue and/or not to commence or pursue in any court, arbitration or administrative proceeding, any litigation, appeal or claim against Defendant and others released hereby pertaining to the underlying facts, circumstances or incidents in this Action, or any injuries sustained thereby. This release includes a waiver and release of any claims related to any and all allegations made against the State of New York, its agencies, departments, employees, and officials in the New York Court of Claims, and any other forum, which were or could have been asserted in the Action.

    **9.**     **Release as to Plaintiff.** For and in consideration of the dismissal of the Action with prejudice, and other good and valuable consideration set forth herein, Defendant and the Released Defendant (as defined above), and any of their respective agents, assigns, attorneys, heirs, executors, administrators and representatives, hereby release, exonerate and forever discharge Plaintiff, and his agents, assigns, attorneys, heirs, executors, administrators, and representatives, from any and all liabilities, causes of action, claims, demands, losses, damages, costs, expenses and attorneys' fees of whatever kind or nature, whether known or unknown or suspected or unsuspected, whether presently asserted or not, including but not limited to liabilities, and causes of actions, which relate in any way to the subject matter of the Action, and further agree to discontinue and/or not to commence or pursue in any court, arbitration or administrative proceeding, any litigation, appeal or claim against Plaintiff released hereby pertaining to the underlying facts, circumstances, or incidents in this Action, or any results thereof, including any injuries allegedly sustained related to the allegations in the Complaint, Defendant's Answer filed in this Action, and any other filings and proceedings in this Action.

10. **No Other Action or Proceeding.** Other than the Action, Plaintiff represents that they have not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind, relating to the subject matter of the Action, that is still pending against the Released Defendant as of the date that this Settlement Agreement is entered, on their own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendant to enter into this Settlement Agreement. If such action exists, Plaintiff further agrees to discontinue all actions against the Defendant, the New York State Department of Corrections and Community Supervision, the State of New York, including its agencies, subdivisions, employees, private contractors or assignees with prejudice and shall execute a separate document discontinuing each such lawsuit that can be filed once executed by the Plaintiff and "So Ordered" by the Court.

11. **Waiver of Plaintiff's Attorneys' Liens.** The undersigned attorneys for Plaintiff do hereby release and waive any attorneys' lien they may have on the settlement proceeds in the Action pursuant to N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

12. **No Additional Attorneys' Liens.** Plaintiff represents and warrants that he is not aware of any attorneys who have a lien on the settlement proceeds in the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

13. **No Prevailing Party.** Neither Plaintiff nor Defendant shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

14. **No Admission of Liability.** It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made to avoid the burdens and expense of protracted litigation, and that this Settlement Agreement and the actions taken or payments made pursuant hereto are not to be construed as constituting any determination on the merits of any claims in the Action or as constituting any admission of wrongdoing or liability on the part of Plaintiff, Defendant, the New York State Department of Corrections and Community Supervision or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity). Nothing contained in this Settlement Agreement shall be deemed to constitute a policy, practice, or custom of Defendant, the New York State Department of Corrections and Community Supervision or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity).

15. **No Precedential Value.** This Settlement Agreement shall not in any manner be construed as determinative of the issues or claims raised in the Action or any other proceeding and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop Defendant, the New York State Department of Corrections and Community Supervision or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues

raised in said actions or proceedings, or from advancing any and all available defenses.

**16.** **Authority.** Each signatory to this Settlement Agreement hereby represents and warrants that they have the requisite authority to enter into this Settlement Agreement and have not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

**17.** **Voluntary Agreement.** The Parties represent that they have carefully read and fully understand all provisions of this Settlement Agreement, including the Releases at Paragraphs 8 and 9. The Parties represent that they have executed and delivered this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledge that they understand its terms, contents, and effect. The Parties acknowledge that no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or anyone acting on behalf of any party.

**18.** **Negotiated Agreement.** The Parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

**19.** **Binding Effect on Successors and Assigns.** The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

**20.** **Entire Agreement.** This Settlement Agreement constitutes the entire agreement between the Parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the Parties

hereto or an authorized representative of the Parties hereto.

21. **Governing Law.** The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply.

22. **Severability.** If any other provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

23. **Headings.** The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

24. **Counterparts.** This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

25. **Submission to the Court.** This Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

WHEREFORE, the Parties hereto acknowledge that they have read this Settlement Agreement and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date first above written.

Dated: __7/15__, 2025

_____
Ronald Caruso

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF SENECA     )

On the 15 day of July, 2025, before me personally came and appeared Ronald Caruso, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that they executed the same in their capacity, and that by their signature on the instrument, the individual, or the person upon

11

behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

ROY D BABCOCK
Notary Public, State of New York
Reg. No. 01BA6403665
Qualified in Seneca County
Commission Expires 02/03/2028

Dated: July 21, 2025

Mancuso Brightman PLLC
*Pro Bono Attorney for Plaintiff*

_____
ERIN E. ELMOUJI, Esq.
Mancuso Brightman PLLC
160 Allens Creek Road
Suit 250
Rochester, NY 14618
eelmouji@mbnylaw.com

Dated: July 22, 2025

LETITIA JAMES
Attorney General of the State of New York
*Attorney for Defendant*

_____
MUDITHA HALLIYADDE, ESQ.,
Assistant Attorney General, Of Counsel
NYS Office of the Attorney General
144 Exchange Boulevard, Suite 200
Rochester, New York 14614
Muditha.halliyadde@ag.ny.gov

IT IS SO ORDERED,

Dated: July 22, 2025
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court Judge